UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY ARRINGTON,

        Plaintiff,                        Case No. 2:07-cv-107

v.                                         Honorable R. Allan Edgar

M. BAHRMAN et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility. On two separate occasions while incarcerated at the Marquette Branch Prison (MBP), Plaintiff intentionally injured himself. On both occasions, he received emergency medical attention at the Marquette General Hospital. On February 22, 2007, Plaintiff received a notice of intent to conduct an administrative hearing with regard to charging Plaintiff the cost of the emergency medical care he received for his self-inflicted injuries. The hearing was held on February 27, 2007, at which time Plaintiff discovered that the hearing officer had all the medical documents pertaining to his emergency examination and treatment at the Marquette General Hospital. He alleges that John or Jane Doe of the MBP Health Services provided the medical documents to the MBP accounting department, and, in turn, the documents were provided by MBP accountant M. Bahrman to the hearing officer. Plaintiff claims he has been subjected to mental and physical injury due to the disclosure of this confidential information, although he does not specify the nature of the physical injury he allegedly sustained.

For relief, Plaintiff seeks compensatory and punitive damages, and an injunction enjoining Defendants John or Jane Doe and M. Bahrman from circulating his medical records.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Sixth Circuit has expressly held that "the Constitution does not encompass a general right to the nondisclosure of private information." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995), citing *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). The Sixth Circuit explained that "[i]nferring very broad constitutional rights where the Constitution itself does not express them is an activity not appropriate to the judiciary." *Jarvis*, 52 F.3d at 126. "[O]nly when fundamental rights are implicated does a privacy concern take on constitutional dimensions." *Id.* In *Jarvis* the Court held that the disclosure of a non-inmate's confidential medical records did not violate the plaintiff's constitutional right. *Id.* The Sixth Circuit has specifically applied its holding in *Jarvis* to claims by inmates. *See Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994) (holding that inmate's constitutional rights were not violated by disclosure of his medical condition); *Coleman v. Martin*, 63 F. App'x 791, 792 (6thCir. 2003) (holding that dissemination of prisoner's mental health records to parole board does not constitute a constitutional violation); *Reeves v. Engelsgierd*, No. 04-71411, 2005 WL 3534096, at *4 (E.D. Mich. Dec. 23, 2005) (holding doctor did not violate prisoner's rights by discussing the plaintiff's medical condition with non-medical staff and in front of other inmates). Because the disclosure of Plaintiff's medical information did not violate the federal constitution, he has failed to state a claim upon which relief can be granted.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  September 4, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).